IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE CARYL JAMES WOLFGANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1206 |
| ) | |
| JOHN DOE and C.O. LABESKY, ) | Judge Cathy Bissoon |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

## I.    MEMORANDUM

Pending before the Court is Defendants John Doe and C.O. Labesky's Motion for Summary Judgment (Doc. 22). For the reasons stated herein, the Court will grant in part and deny in part Defendants' motion.

## BACKGROUND

### A. Factual Background

Plaintiff Jesse Caryl James Wolfgang currently is incarcerated at the State Correctional Institution at Coal Township, Pennsylvania. Am. Compl. ¶ 3 (Doc. 26). At the time of the events giving rise to this action, Plaintiff was incarcerated in the Warren County Prison in Warren, Pennsylvania. Id.

On November 16, 2008, Plaintiff called Defendant Correctional Officer Julie Labesky to his cell. Am. Compl. ¶ 31 (Doc. 26); Labesky Decl. ¶ 8 (Doc. 25-9).[1] Plaintiff claims that he asked Defendant Labesky for a "slip" to make a written complaint about another inmate, Kevin

---

[1]   The Declaration of Julie Labesky (Doc. 25-9) submitted by Defendants is undated and, therefore, does not comply with the requirements for unsworn declarations under 28 U.S.C. § 1746. The Court, however, does not rely on Labesky's declaration in ruling on Defendants' summary judgment motion and refers to Labesky's declaration only for background information.

1

Brown. Am. Compl. ¶ 30 (Doc. 26). Plaintiff wanted to quietly inform prison staff that he believed Brown had not been showering and that his body odor was permeating the cell block. Id. According to Plaintiff, Defendant Labesky refused to give Plaintiff a slip and insisted that Plaintiff tell her his complaint orally, which he did. Id. at ¶ 30-31. Defendant Labesky agrees that Plaintiff orally conveyed his complaint, but denies that Plaintiff first requested a slip to make a written complaint. Labesky Decl. ¶¶ 7-8 (Doc. 25-9).

Defendant Labesky then went to Brown's cell and asked Brown if he had been showering. Am. Compl. ¶ 33 (Doc. 26); Labesky Decl. ¶ 9 (Doc. 25-9). Brown responded that he had been showering and that "people better stop running their f***ing mouths." Am. Compl. ¶ 33 (Doc. 26); Labesky Decl. ¶ 10 (Doc. 25-9). According to Plaintiff, Defendant Labesky then told Brown, "well, if you don't, then Wolfgang is going to drop a slip on you." Am. Compl. ¶ 33 (Doc. 26). According to Defendant Labesky, she did not tell Brown that Plaintiff complained about Brown's failure to shower. Labesky Decl. ¶ 11 (Doc. 25-9).

On November 17, 2008, Brown used his fists to strike Plaintiff in the face and head while Plaintiff was watching television. Am. Compl. ¶ 35 (Doc. 26); Answer ¶ 35 (Doc. 15). At least one corrections officer witnessed this attack and responded to the event, resulting in the removal of Brown. Am. Compl. ¶ 35 (Doc. 26); Answer ¶ 35 (Doc. 15). Correctional officers then initiated a lockdown of all but Plaintiff's cell. Am. Compl. ¶ 36 (Doc. 26); Answer ¶ 36 (Doc. 15).

Plaintiff "was in a state of shock" and had trouble seeing. Am. Compl. ¶ 37 (Doc. 26). Plaintiff's nose was bleeding and he attempted to use toilet paper to stop the bleeding. Am. Compl. ¶ 37 (Doc. 26); Answer ¶ 37 (Doc. 15). According to Plaintiff, his right cheek and nose

began to swell and the bridge of his nose and eyes became black and blue. Am. Compl. ¶ 37 (Doc. 26).

No medical staff was present at the Warren County Prison at this time. Am. Compl. ¶ 39 (Doc. 26); Answer ¶ 39 (Doc. 15). Prison personnel contacted the on-call medical staff member who, upon hearing of Plaintiff's symptoms, directed that Plaintiff be taken to a hospital. Britton Decl. ¶ 6 (Doc. 25-8).[2] Plaintiff was taken to Warren General Hospital approximately two and a half hours after the attack. See Warren General EDM Patient Record at 1 (Doc. 25-1 at 16) (noting "Stated Complaint PUNCHED IN FACE AT 1245PM" and "Arrival Date 11/17/08 Time 1528"); Britton Decl. ¶ 8 (Doc. 25-8).[3]

At Warren General Hospital, Plaintiff was referred to a facial reconstructive surgeon. Am. Compl. ¶ 40 (Doc. 26); Answer ¶ 40 (Doc. 15). Facial fractures were found and Plaintiff eventually underwent surgery. Am. Compl. ¶¶ 40-41 (Doc. 26); Answer ¶¶ 40-41 (Doc. 15).

According to Plaintiff, since the attack and resultant surgery, he has suffered from severe headaches, emotional distress, and aggravation of a previous traumatic brain injury. See Am. Compl. ¶ 43 (Doc. 26).

---

[2] Britton "started working at the Warren County Prison in April, 2008." Britton Decl. ¶ 3 (Doc. 25-8). Britton's declaration does not state what his role was at the prison. Some of Defendant's filings suggest Britton was the warden of the prison. See, e.g., Def.'s App'x Table of Contents (Doc. 25) (identifying Exhibit H as "Affidavit of Warden Gerald Britton").

[3] According to Britton, Warren County Prison Inmate Misconduct Reports attached to his declaration accurately set forth that Brown attacked Plaintiff at 12:44 P.M., and that Plaintiff was taken to Warren General Hospital at 3:08 P.M. Britton Decl. ¶ 8 (Doc. 25). The referenced reports, however, were not included in Defendant's summary judgment appendix. The medical records cited above nonetheless corroborate the approximate times stated in Britton's declaration. The medical records have not been authenticated, but Plaintiff has not objected to the authenticity of the records.

B. **Procedural Background**

Plaintiff's original complaint (Doc. 3) was filed on September 14, 2010. Plaintiff was ordered to provide proper instructions for service of his complaint, along with a copy of the complaint for service on each Defendant. Order, Oct. 1, 2010 (Doc. 6). The complaint Plaintiff provided for service differed from his original complaint and was served on Defendants. See Am. Compl. (Doc. 26). The Court treats this second, served complaint as an amended complaint.[4] Defendants filed an answer (Doc. 15) to the Amended Complaint, and subsequently moved for summary judgment. See Defs.' Br. (Doc. 23).

Plaintiff alleges that Defendant John Doe, Warden of the Warren County Prison, and Defendant Labesky are responsible for the injuries Plaintiff sustained as a result of Brown attacking Plaintiff. Plaintiff alleges that Defendant John Doe failed to enact certain policies or safeguards that could have prevented Brown's attack, and that Defendant Labesky instigated the attack by telling Brown that Plaintiff was complaining about Brown. Plaintiff asserts five counts under 42 U.S.C. § 1983 in his Amended Complaint, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Am. Compl. ¶¶ 48-52 (Doc. 26). All counts are asserted against either Defendant Doe or Defendant Labesky in both their individual and official capacities.

Defendants assert they are entitled to summary judgment because there is no evidence of deliberate indifference by either Defendant and because there is no evidence of personal involvement by Defendant Doe. See Defs.' Br. (Doc. 23). Defendants assert further that claims

---

[4] Plaintiff's second complaint was not filed on the docket as an amended complaint until after Defendants filed an answer and their motion for summary judgment. Because Defendants have treated the second complaint as if it had been filed, Defendants will not be prejudiced by treating this complaint as an amended complaint. Plaintiff's Amended Complaint was docketed on November 28, 2011, and appears on the docket as filed on October 18, 2010 (when Plaintiff provided the Amended Complaint to the Court), at Document 26.

against them in their official capacities fail because there is no underlying constitutional violation, and that both Defendants are entitled to qualified immunity on the claims against them in their individual capacities. See id. Plaintiff did not respond to Defendants' summary judgment motion.

**ANALYSIS**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of identifying portions of the summary judgment record which it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. at 325. To survive summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must show that there is a genuine dispute as to a material fact. See id. at 587; Fed. R. Civ. P. 56(c).

**A. Claims Against Defendant Labesky**

Plaintiff asserts in Count IV of his amended complaint that Defendant Labesky violated Plaintiff's "right to be free from Cruel and Unusual Punishment under the Eighth Amendment and his Due Process Rights under the Fourteenth Amendment" by allegedly telling Brown that Plaintiff was complaining about Brown, which allegedly "directly instigated" the attack by Brown. Am. Compl. ¶ 51 (Doc. 26).

The Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v.

Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  Similarly, the Fourteenth Amendment protects a prisoner's "liberty interest in personal security," and the state bears responsibility for a prisoner's safety.  Davidson v. O'Lone, 752 F.2d 817, 821 (3d Cir. 1984), aff'd, Davidson v. Cannon, 474 U.S. 344 (1986). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.  To demonstrate an Eighth Amendment violation in an action brought by a prisoner who is the victim of such violence, the prisoner must prove that a prison official subjectively acted with "deliberate indifference" to an objectively "substantial risk of serious harm." Id.; Counterman v. Warren Cnty. Corr. Facility, 176 F. App'x 234, 238 (3d Cir. 2006).  The "deliberate indifference" standard also applies to such claims brought under the Fourteenth Amendment.  See Burton v. Kindle, 401 F. App'x 635, 637-38 (3d Cir. 2010).[5]  A prison official acts with "deliberate indifference" only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Defendant Labesky asserts that "[t]here is no record evidence to support the subjective requirement of deliberate indifference for an Eighth Amendment claim." Defs.' Br. 7 (Doc. 23). Specifically, there is no evidence that Defendant Labesky was aware of a substantial risk that

---

[5] The Eighth Amendment protects convicted and sentenced prisoners, but does not apply to pretrial detainees.  Pretrial detainees may bring failure to protect claims under the Due Process Clause of the Fourteenth Amendment.  There is no evidence in the record regarding whether Plaintiff was a sentenced prisoner or a pretrial detainee when Brown attacked Plaintiff.  Because the same deliberate indifference standard applies to failure to protect claims under either the Eighth Amendment or Fourteenth Amendment, see Burton, 401 F. App'x at 637-38, the Court need not decide whether Plaintiff was a pretrial detainee or sentenced prisoner.

6

Brown would attack Plaintiff, or that Defendant Labesky disregarded such a risk. Plaintiff alleged in his amended complaint that Defendant Labesky told Brown that if he did not shower, "then WOLFGANG is going to drop a slip on you," and that "C.O. LABESKY was well aware of KEVIN BROWN's violent nature." Am. Compl. ¶¶ 33-34 (Doc. 26). But Plaintiff did not respond to Defendants' motion for summary judgment and has not provided any evidence to support these allegations.[6] Summary judgment, therefore, is granted in favor of Defendant Labesky on all of Plaintiff's claims against her, in both her individual and official capacities (Count IV).

### B. Claims Against Defendant Doe

1. Count I

In Count I of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant Doe deprived Plaintiff of due process rights under the Fourteenth Amendment by failing "to provide effective screening, classification and/or segregation of incoming Inmates for violent acts or history, and randomly placing them with the General Population, resulting in Inmate-on-Inmate Assaults as suffered by your Plaintiff." Am. Compl. ¶ 48 (Doc. 26).

Defendant Doe, as the Warden of the Warren County Prison, ultimately is responsible for the operation of the Warren County Prison, including the implementation of staff policies. Answer ¶ 4 (Doc. 15). Plaintiff, therefore, may prevail on Count I if he can demonstrate that the Warren County Prison's practices for segregating violent inmates from the general prison

---

[6] While Plaintiff's verified amended complaint may be treated as an affidavit for purposes of summary judgment, see Reese v. Sparks, 760 F.2d 64, 67 (3d Cir. 1985), Plaintiff's amended complaint does not indicate that Plaintiff has personal knowledge of the allegations made in paragraphs 33 and 34. Plaintiff's amended complaint, therefore, cannot create a genuine dispute as to Defendant Labesky's lack of awareness of any risk that Brown would attack Plaintiff. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge . . . .").

population directly caused a violation of Plaintiff's constitutional rights, and that Defendant Doe acted with deliberate indifference in establishing or maintaining such practices. See A.M. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 585-86 (3d Cir. 2004) ("Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989))).

There does not appear to be any evidence in the current record to demonstrate that any of Warren County Prison's practices or policies caused Plaintiff's injuries, or that Defendant Doe acted with deliberate indifference in establishing or maintaining such practices or policies. However, while Defendant Doe purports to seek summary judgment as to all claims in the Amended Complaint, his brief is void of any arguments with respect to Count I, nor has he even asserted an absence of evidence to support Count I. Defendant Doe, therefore, has not met his initial responsibility of identifying portions of the summary judgment record which he believes demonstrate the absence of a genuine dispute of material fact. Celotex, 477 U.S. at 323. Summary judgment, therefore, cannot be granted as to Count I on the record currently before the Court.

    2. Counts II and V

Counts II and V of Plaintiff's Amended Complaint are based upon the theory that Defendant Doe acted with deliberate indifference in failing to enact or implement certain policies or training, resulting in alleged unconstitutional conduct by Defendant Labesky. Defendant Doe argues that Plaintiff has no evidence to suggest that Defendant Doe had any personal knowledge of or involvement in the alleged conduct of Defendant Labesky. Defs.' Br. 10-11 (Doc. 23).

Defendant Doe may nonetheless be liable if he acted with deliberate indifference in establishing or maintaining a policy or practice that directly caused a violation of Plaintiff's constitutional rights.  See Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d at 586 (explaining in substantive due process case that supervisors may be liable under § 1983 either on theory of personal involvement with acts constituting constitutional violation, or on theory of establishing and maintaining a policy, practice, or custom which directly caused constitutional violation); see also Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001) (explaining that supervisor may be liable for Eighth Amendment violation if supervisor is aware of and indifferent to unreasonable risk of Eighth Amendment injury created by policy or practice, and such policy or practice results in injury to the plaintiff).

Plaintiff asserts in Count II of his Amended Complaint that Defendant Doe violated Plaintiff's Eighth and Fourteenth Amendment rights by failing "to ensure that his Corrections Staff are adequately trained in how to address 'discreet' complaints, observe aggressive inmates, and perform duties reasonably expected of C.O.'s result[ing] in Plaintiff being assaulted due to C.O. LEBESKEY's [sic] remarks to a violent prisoner about him."  Am. Compl. ¶ 49 (Doc. 26).  As explained, supra Part A, Plaintiff has not provided any evidence to support the allegation that Defendant Labesky told Brown that Plaintiff was complaining about Brown.  Plaintiff, therefore, cannot prove that his injury was caused by the policy or practice alleged in Count II.[7]

In Count V of the Amended Complaint, Plaintiff asserts that Defendant Doe violated Plaintiff's Eighth and Fourteenth Amendment rights by failing "to ensure that there was an

---

[7]  Defendants also submitted a Declaration of Kevin Allen Brown (Doc. 25-4), indicating that Brown attacked Plaintiff because Plaintiff provoked Brown into punching Plaintiff, not because of anything that any corrections officer said.  While the declaration is flawed because it is undated, see 28 U.S.C. § 1746, it further suggests that Plaintiff cannot prove that his injuries were caused by Defendant Labesky's conduct.

9

efficient, effective and confidential method to communicate inmate problems to staff enabl[ing] this situation to happen." Am. Compl. ¶ 52 (Doc. 26). Plaintiff's theory supporting Count V is unclear, but appears to be that Defendant Doe's alleged failure either resulted in Brown overhearing Plaintiff complaining about Brown to Defendant Labesky, or resulted in Defendant Labesky telling Brown that Plaintiff was complaining about Brown. See Am. Compl. ¶¶ 31-33 (Doc. 26). Plaintiff has not provided any evidence that Brown heard Plaintiff complaining to Labesky, or that Labesky told Brown about Plaintiff's complaints. Plaintiff, therefore, cannot prove that his injuries resulted from an allegedly inadequate procedure for inmates to communicate inmate problems to staff.

Summary judgment is granted in favor of Defendant Doe, in both his individual and official capacities, on Counts II and V of Plaintiff's Amended Complaint.[8]

3.  Count III

In Count III of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant Doe violated Plaintiff's Eighth and Fourteenth Amendment rights by failing "to ensure that there was provision for Full-Time Medical Coverage in his prison caus[ing] an unnecessary delay in Plaintiff receiving proper medical care and causing him to remain bleeding and in pain for about four (4) hours." Am. Compl. ¶¶ 50 (Doc. 26).

Prison officials' deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition of "cruel and unusual punishments." Estelle v. Gamble, 429 U.S. 97, 102-05 (1976).[9] Such indifference may be manifested by prison employees "in

---

[8]  Because Plaintiff has failed to provide any evidence that his injuries were caused by the policy failures alleged in Counts II and V, those counts would fail under either the Eighth Amendment or the Fourteenth Amendment. The Court, therefore, need not determine which amendment applies to Counts II and V.

[9]  The Court of Appeals for the Third Circuit has applied the same deliberate indifference standard to inadequate medical care claims brought by pretrial detainees under the Fourteenth

intentionally denying or delaying access to medical care." Id. at 104-05.  Plaintiff's theory of Count III could be either (1) that Defendant Doe intentionally delayed Plaintiff's access to medical care, or (2) that Defendant Doe acted with deliberate indifference in maintaining a policy, practice, or custom (i.e., lack of "Full-Time Medical Coverage") that resulted in unnecessary delay in Plaintiff's access to medical care.  See Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d at 586 (explaining two potential theories of liability of supervisors in § 1983 cases).

With respect to the first theory, Defendant Doe asserts there is no evidence that he acted with deliberate indifference because there is no evidence that he knew that any harm might result if Plaintiff were not immediately taken to the hospital.  Defs.' Br. 11-12 (Doc. 23).  Plaintiff has not responded to Defendants' summary judgment motion, and there is no evidence in the summary judgment record to suggest that Defendant Doe intentionally delayed Plaintiff's access to medical care.  Even the allegations in Plaintiff's Amended Complaint suggest that prison officials were initially unaware of Plaintiff's injuries, and that correctional officers requested medical attention for Plaintiff as soon as they realized Plaintiff needed medical assistance.  See Am. Compl. ¶ 38 (Doc. 26).

Defendant Doe did not, however, address the second possible theory – that Defendant Doe acted with deliberate indifference in failing to provide "Full-Time Medical Coverage," resulting in unnecessary delay in Plaintiff's access to medical care.  There does not appear to be any evidence in the current record to indicate that Warren County Prison had inadequate medical staffing that resulted in unnecessary delay in Plaintiff receiving medical care, or that Defendant Doe acted with deliberate indifference in establishing or maintaining allegedly inadequate

---

Amendment.  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).  This Court, therefore, need not determine which amendment applies to Count III of Plaintiff's Amended Complaint.

medical staffing. Defendant Doe, however, has not raised any arguments with respect to this theory and has not asserted an absence of evidence to support this theory. Defendant Doe, therefore, has not met his minimal, initial responsibility of identifying portions of the summary judgment record which he believes demonstrate the absence of a genuine dispute of material fact. Celotex, 477 U.S. at 323. Summary judgment is denied, without prejudice, with respect to Count III.

### C. **Qualified Immunity**

Defendants Labesky and Doe both assert that they are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities. Defs.' Br. 13-15 (Doc. 23). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because the Court finds that Defendant Labesky is entitled to summary judgment on all claims against her, see supra Part A, the Court need not consider whether Defendant Labesky is entitled to qualified immunity. Defendant Doe has not provided any explanation for his assertion that "it would not have been clear to a reasonable . . . warden, under the same specific factual circumstances, that [his] conduct violated Plaintiff's Eighth or Fourteenth Amendment rights." Defs.' Br. 15 (Doc. 23). Defendant Doe's motion for summary judgment on the basis of qualified immunity, therefore, is denied.

### **CONCLUSION**

For all of the reasons stated above, Defendants John Doe and C.O. Labesky's Motion for Summary Judgment (Doc. 22) is granted in part and denied in part.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendants John Doe and C.O. Labesky's Motion for Summary Judgment (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is granted in favor of Defendant Labesky on all claims against her (Count IV), in both her individual and official capacities. Summary judgment is granted in favor of Defendant Doe on Counts II and V, in both his individual and official capacities. Summary judgment is denied without prejudice with respect to Counts I and III.

Defendant Doe is granted leave to file a motion for summary judgment with respect to Counts I and III by <u>December 12, 2011</u>. Plaintiff's response to any such motion is due by <u>December 22, 2011</u>.[10]

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

December 1, 2011

cc:

Jesse Caryl James Wolfgang (via First-Class U.S. Mail)
All counsel of record (via CM/ECF e-mail)

---

[10] Defendants' briefing in this case was, to put it charitably, sloppy. While the Court observes the lack of evidence of record supporting Counts I and III, it declines to *sua sponte* address claims that Defendants have not themselves seen fit to address in their briefing.