# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE CARYL JAMES WOLFGANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1206 |
| ) | |
| JOHN DOE and C.O. LABESKY, ) | Judge Cathy Bissoon |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Pending before the Court is Defendant John Doe's Supplemental Motion for Summary Judgment (Doc. 28).  For the reasons stated herein, the Court will grant Defendant Doe's motion.

**BACKGROUND**

The relevant facts of this case were set forth in the Court's December 1, 2011 Memorandum and Order (Doc. 27) granting in part and denying in part Defendants' prior motion for summary judgment.  In the December 1, 2011 Memorandum and Order, the Court granted summary judgment in favor of Defendants on all of Plaintiff's claims except for Counts I and III against Defendant John Doe, the Superintendent or Warden of Warren County Prison.[1]  The Court granted leave for Defendant Doe to file another motion for summary judgment addressing Counts I and III.  Defendant Doe filed his motion for summary judgment (Doc. 28) on December 12, 2011.  The time for Plaintiff to respond to the summary judgment motion expired on December 22, 2011, see Memorandum & Order 13, Dec. 1, 2011 (Doc. 27), and Plaintiff did not file a response.

---

[1]  Defendant John Doe apparently is Warden Gerald Britton.  See Britton Decl. ¶ 3, Dec. 12, 2011 (Doc. 29-3).

1

**ANALYSIS**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of identifying portions of the summary judgment record which it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. at 325. To survive summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must show that there is a genuine dispute as to a material fact. See id. at 587; Fed. R. Civ. P. 56(c).

**A. Count I**

In Count I of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant Doe deprived Plaintiff of due process rights under the Fourteenth Amendment by failing "to provide effective screening, classification and/or segregation of incoming Inmates for violent acts or history, and randomly placing them with the General Population, resulting in Inmate-on-Inmate Assaults as suffered by your Plaintiff." Am. Compl. ¶ 48 (Doc. 26).

Defendant Doe, as the Warden of the Warren County Prison, ultimately is responsible for the operation of the Warren County Prison, including the implementation of staff policies. Answer ¶ 4 (Doc. 15). Plaintiff, therefore, may prevail on Count I if he can demonstrate that Warren County Prison's practices for segregating violent inmates from the general prison population directly caused a violation of Plaintiff's constitutional rights, and that Defendant Doe acted with deliberate indifference in establishing or maintaining such practices. See A.M. v.

2

Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 585-86 (3d Cir. 2004) ("Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989))).

Defendant Doe asserts that there is no evidence that any policy, practice, or custom regarding segregation of violent inmates caused Plaintiff's injuries, and that there is no evidence that Defendant Doe acted with deliberate indifference. See Def.'s Br. 10 (Doc. 29). Plaintiff did not respond to Defendant Doe's summary judgment motion and has failed to even identify a particular policy, practice, or custom that allegedly caused his injuries.

Even if Plaintiff were able to identify a particular policy, practice, or custom regarding screening or segregation of violent inmates, there is no evidence that Plaintiff's injuries were caused by such a policy, practice, or custom. Plaintiff alleges in his Amended Complaint that Inmate Kevin Brown, who attacked Plaintiff, had aggressive and violent tendencies and should have been segregated from the general prison population. See Am. Compl. ¶¶ 7, 48 (Doc. 25-2). But Plaintiff has not provided any evidence to support these allegations. The only relevant evidence of record instead indicates that "[n]othing in Inmate Kevin Brown's record, or information uncovered during inmate classification procedures, indicated a strong propensity for violence or unprovoked attacks on the part of Inmate Kevin Brown." Britton Decl. ¶ 12, Dec. 12, 2011 (Doc. 29-3).

Finally, even if Plaintiff's injuries were caused by a policy, practice, or custom regarding screening and segregation of violent inmates, Plaintiff has not provided any evidence that Defendant Doe acted with deliberate indifference in establishing or maintaining such a policy,

practice, or custom. A prison official acts with "deliberate indifference" only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff has provided no evidence that any policy, practice, or custom regarding screening and segregation of violent inmates posed an excessive risk to inmate health or safety, or that Defendant Doe knew of any such risk. Plaintiff, therefore, has provided no evidence that Defendant Doe acted with deliberate indifference.

Plaintiff has not demonstrated a genuine dispute of material fact as to the existence of a policy, practice, or custom that caused his injuries, or as to whether Defendant Doe acted with deliberate indifference. Defendant Doe's summary judgment motion, therefore, is granted with respect to Count I.

### B. Count III

In Count III of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant Doe violated Plaintiff's Eighth and Fourteenth Amendment rights by failing "to ensure that there was provision for Full-Time Medical Coverage in his prison caus[ing] an unnecessary delay in Plaintiff receiving proper medical care and causing him to remain bleeding and in pain for about four (4) hours." Am. Compl. ¶¶ 50 (Doc. 26). Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violation, see Britton Decl. ¶ 4, Dec. 12, 2011 (Doc. 29-3), the Due Process Clause of the Fourteenth Amendment, and not the Eighth Amendment, applies to Plaintiff's claim regarding inadequate medical care. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).

Prison officials' deliberate indifference to serious medical needs of prisoners violates the due process rights of pretrial detainees. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575,

581-82 (3d Cir. 2003). Such indifference may be manifested by prison employees "in intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Plaintiff's theory of Count III could be either (1) that Defendant Doe intentionally delayed Plaintiff's access to medical care, or (2) that Defendant Doe acted with deliberate indifference in maintaining a policy, practice, or custom (i.e., lack of "Full-Time Medical Coverage") that resulted in unnecessary delay in Plaintiff's access to medical care. See Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d at 586 (explaining two potential theories of liability of supervisors in § 1983 cases).

As this Court previously found, there is no evidence in the summary judgment record to suggest that Defendant Doe (or anyone else at Warren County Prison) intentionally delayed Plaintiff's access to medical care. Memorandum & Order 11, Dec. 1, 2011 (Doc. 27). Plaintiff's inadequate medical care claim against Defendant Doe, therefore, cannot prevail on the first theory of liability.

With respect to the second theory of liability, Plaintiff has not presented any evidence that a policy, practice, or custom regarding medical care at Warren County Prison resulted in unnecessary delay in Plaintiff's access to medical care, or that Defendant Doe acted with deliberate indifference in establishing or maintaining such a policy, practice, or custom.

Plaintiff has not demonstrated a genuine dispute of material fact as to whether Warren County Prison's medical policies, practices, or customs caused an unnecessary delay in Plaintiff's access to medical care, or as to whether Defendant Doe acted with deliberate indifference in establishing or maintaining such policies, practices, or customs. Defendant Doe's summary judgment motion, therefore, is granted with respect to Count III.

5

### C. Qualified Immunity

Because Defendant Doe's summary judgment motion is granted for the reasons stated above, this Court need not address Defendant Doe's arguments regarding qualified immunity.

### CONCLUSION

For all of the reasons stated herein, Defendant John Doe's Supplemental Motion for Summary Judgment (Doc. 28) is granted.

### II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant John Doe's Supplemental Motion for Summary Judgment (Doc. 28) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

January 3, 2012

cc:

Jesse Caryl James Wolfgang (via First-Class U.S. Mail)
All counsel of record (via CM/ECF e-mail)